IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSARIO MARQUEZ, SAUL FLORES, and DEODORO DE LEON, *individually and on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BALFOUR BEATTY CONSTRUCTION, LLC and C. J. COAKLEY CO., INC.,<br><br>Defendants. | Case No. |

## INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Rosario Marquez, Saul Flores, and Deodoro de Leon (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action against Defendants C. J. Coakley Co., Inc. and Balfour Beatty Construction, LLC ("Defendants") for failing to pay their employees their legally mandated wages in violation of the Federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Virginia Wage Payment Act, Virginia Code § 40.1-29; the Virginia Minimum Wage Act, Virginia Code § 40.1-28.8 *et. seq.*; and the Virginia Overtime Wage Act, Virgina Code § 40.1-29.2.

## INTRODUCTION

2. Wage theft is rampant in the construction industry in Virginia. Construction contractors often use "labor brokers" to evade compliance with applicable wage and hour law. Construction contractors use labor brokers to obtain workers for construction projects instead of employing those workers directly. In many cases labor brokers do not comply with their legal

obligation to timely pay their employees and to pay them at the overtime rate for overtime work. Contractors who hire labor brokers generally claim that they are not liable for wage and hour violations by labor brokers even though, in many cases, the principal reason for hiring a labor broker was to avoid liability for wage and hour violations.  Moreover, construction contractors in Virginia are well aware that labor brokers often do not properly pay their employees.  This case involves a labor broker who failed to properly pay its employees for their work on the construction of a building being developed by JBG Smith.

## JURISDICTION AND VENUE

3. This Court has subject matters jurisdiction over Plaintiffs' claims arising from federal law pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337(a) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because all claims asserted in this Complaint form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the majority of events or omissions that give rise to the claim occurred in this division of this district.

## PARTIES

5. Plaintiff Rosario Marquez was employed by Colmex Contracting, Inc. and Defendant C. J. Coakley Co., Inc. as a construction worker.

6. Plaintiff Saul Flores was employed by Colmex Contracting, Inc. and Defendant C. J. Coakley Co., Inc. as a construction worker.

7. Plaintiff Deodoro de Leon was employed by Colmex Contracting, Inc. and Defendant C. J. Coakley Co., Inc. as a construction worker.

8.     Defendant C. J. Coakley Co., Inc. ("Coakley") is a construction company incorporated in Virginia, with its principal place of business in based in Fairfax, Virginia. This lawsuit seeks relief from any entity affiliated with or controlled by Coakley to the extent that such entity may be liable to Plaintiffs.

9.     Defendant Balfour Beatty Construction, LLC ("Balfour Beatty") is a construction company that does business in Virginia and which is affiliated with Balfour Beatty PLC, a United Kingdom-based construction and infrastructure company. Balfour Beatty often refers to itself as "Balfour Beatty Construction" (omitting the LLC suffix). This lawsuit seeks relief from any entity affiliated with or controlled by Balfour Beatty Construction or Balfour Beatty PLC to the extent that such entity may be liable to Plaintiffs.

## FACTUAL ALLEGATIONS

### Coakley Liability

10.    During 2023 and early 2024 Plaintiffs performed construction work on a construction project ("the Project") in the National Landing area of Arlington, Virginia. Specifically, they worked on the construction of an apartment building. JBG Smith is the building's developer.

11.    The employment of Plaintiffs and others similarly situated was terminated on February 12, 2024, after they completed their work for that day.

12.    Plaintiffs and others similarly situated were provided to Coakley as construction workers by Colmex, and that entity's principal owner, Fabian Gonzalez.

13.    On information and belief, Colmex, which is not a defendant in this matter, has no significant assets.

14. The work by Plaintiffs and others similarly situated at the Project was directed and controlled by Colmex and Coakley.

15. The hours Plaintiffs and others similarly situated worked at the Project were set by Coakley.

16. If Plaintiffs or others similarly situated were late for work a Coakley supervisor would inform them that their pay would be docked because they were late.

17. Plaintiffs and others similarly situated signed in every day on a Coakley sign-in sheet.

18. Plaintiffs and others similarly situated were told by one or more Coakley supervisors that they should consider themselves to be part of Coakley.

19. Coakley provided Plaintiffs and others similarly situated with tools and equipment for their work.

20. Plaintiffs and others similarly situated performed construction work on the Project that was the same as the work being performed by construction workers doing the same type of construction work, and at the same time and place, as construction workers who were direct employees of Coakley.

21. Coakley had, as a practical matter, the power to fire Plaintiffs or others similarly situated.

22. Plaintiffs and others similarly situated sometimes worked more than forty hours in a work week. When Plaintiffs and others similarly situated worked more than forty hours in a week, they were not paid for the time worked beyond forty hours at the overtime rate, as is required by law.

23. For example, during the one week period from January 29, 2024 through February 4, 2024, Plaintiff Rosario Marquez worked forty eight hours but was paid at her regular rate for all hours worked.

24. For example, during the one week period from January 29, 2024 through February 4, 2024, Plaintiff Saul Flores worked forty eight hours but was paid at his regular rate for all hours worked.

25. For example, during the one week period from December 4, 2023 through December 10, 2023, Plaintiff Deodoro de Leon worked forty eight hours but was paid at his regular rate for all hours worked.

26. Plaintiffs and others similarly situated were frequently paid late and sometimes were not paid at all during the time they worked on the Project, especially after December 1, 2023.

27. Plaintiffs and others similarly situated were not paid anything at all for their work for the period from February 5-12, 2024.

28. Because of their closely integrated operations on the Project, Colmex and Coakley were participants in a joint venture that employed all Plaintiffs and others similarly situated.

29. Defendant Coakley is liable for the unpaid wages of Plaintiffs and others similarly situated because it was Plaintiffs' employer and because it was involved in a joint venture employing Plaintiffs.

30. Coakley and Colmex were required by law to maintain accurate records of the wages and hours worked at the Project and such records will document the work by Plaintiffs and others similarly situated that was not compensated. Such records are principally in the exclusive control of Defendant Coakley and Colmex.

31. Plaintiffs and others similarly situated are not exempt from the requirement that they be paid the minimum wage and overtime because, in accordance with the terms of the FLSA and relevant Virginia statutes, they do not qualify for exemption from those requirements.

<u>Balfour Beatty Liability</u>

32. Defendant Balfour Beatty was the general contractor on the Project.

33. Defendant Coakley performed construction work on the Project as a subordinate contractor to Balfour Beatty.

34. Defendant Balfour Beatty knew and should have known that Plaintiffs and others similarly situated were not being paid all wages due to them.

35. Among the reasons that Defendant Balfour Beatty knew or should have known that Plaintiffs were not being paid all wages due to them was that it was told that Plaintiffs and others similarly situated were not being paid all wages due.

36. An instance of Defendant Balfour Beatty being told that Plaintiffs and others similarly situated were not being properly paid occurred on February 9, 2024, when an affected employee told Balfour Beatty's superintendent responsible for work on the Project that Colmex had not paid its employees for work for the week that ended on February 9.

37. Among the reasons that Defendant Balfour Beatty knew or should have known that Plaintiffs were not being paid all wages due to them was that Colmex's principal owner, Fabian Gonzalez, had, in late 2022 and early 2023, engaged in the same misconduct at another construction project in Northern Virginia. Operating through a company he owned, Charmin Construction LLC, he had fired his employees and simply refused to pay them their final wages. Gonzalez caused Charmin to have essentially no assets, limiting the ability of his former employees to obtain relief. This misconduct resulted in a lawsuit against Gonzalez and others in

this Court, filed on March 27, 2023. It is the general practice of construction contractors in Northern Virginia on projects such as the Project to inform themselves of the subordinate contractors working on their projects.

## COLLECTIVE ACTION ALLEGATIONS

38. This action is maintainable as an opt-in collective action pursuant to the 29 U.S.C. § 216(b), Virginia Code § 40.1-29(J) and Virginia Code § 40.1-29.2. A collective action is proper and appropriate for all Plaintiffs' federal claims and Plaintiffs' state law overtime and unpaid wages claim.

39. In many instances Defendant Coakley and Colmex failed to properly pay Plaintiffs and others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA and the Virginia Wage Payment Act, even though Plaintiffs and all others similarly situated regularly worked more than forty hours during workweeks.

40. In many instances Defendant Coakley and Colmex failed to properly pay Plaintiffs and others similarly situated all their wages due for all hours worked as required by the Virginia Overtime Wage Act and the Virginia Wage Payment Act.

41. In many instances Defendant Coakley and Colmex failed to pay Plaintiffs and others similarly situated the minimum wage as required by the Virginia Minimum Wage Act, the Virginia Wage Payment Act, and the FLSA.

42. This action can, and should, be maintained as a collective action for all claims that can be redressed as collective actions.

43. Members of the proposed collective action are similarly situated.

44. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices.

45. Plaintiffs hereby consent to be party plaintiffs in a collective action. If this case does not proceed or is not finally adjudicated as a collective action or as a class action, Plaintiffs intend to seek relief individually.

## CLASS ACTION ALLEGATIONS

46. Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and those similarly situated for violations of the Virginia Overtime Wage Act, The Virginia Wage Payment Act, and the Virginia Minimum Wage Act on behalf of all persons who are or have been employed by Defendant Coakley and Colmex at the Project and (1) were not timely compensated for all hours worked on the Project; (2) were not compensated at the proper overtime rate for hours worked on the Project in excess of forty in any one workweek; or (3) were not paid the minimum wage for any hours worked on the Project. These workers will be referred to jointly as the "Class Members."

47. The number of Class Members is so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are more than 40 similarly situated employees.

48. The duties and responsibilities of the jobs held by the Class Members were substantially similar to the duties and responsibilities of the Plaintiffs.

49. Plaintiffs' claims are typical of the claims of Class Members because they were subject to the same unlawful payment practices as described in this Complaint.

50. Plaintiffs are adequate representatives of the Class Members because Plaintiffs and Class Members were subject to, and damaged by, the same unlawful practices as described in this Complaint.

51. Application of Defendant Coakley's and Colmex's policies and compensation practices does not depend on the personal circumstances of Plaintiffs or those joining the lawsuit. Rather, the same policy or practice that resulted in the alleged wage theft applies to all class members. Moreover, Defendant Balfour Beatty is strictly liable for the misconduct of Defendant Coakley and Colmex, to the extent that such liability is provided for under Virginia law.

52. Plaintiffs and Class members each challenge the legality of the policies and practices as described in this Complaint. By advancing their own claims, Plaintiffs will necessarily advance the claims of the Class Members.

53. Plaintiffs will have no conflict with any Class Members and are willing to serve in this representative role.

54. Plaintiffs have retained counsel that are competent and experienced in class action litigation and who will adequately represent the Class Members.

55. Questions of fact and law common to all Class Members will predominate over any questions solely affecting individual Class Members. Among the common questions are:

   a. Whether Defendant Coakley and Colmex's policies and practices set forth in this Complaint took place as alleged;

   b. Whether Defendants' policies and practices constitute violations of the Virginia Overtime Wage Act and the Virginia Wage Payment Act; and

   c. Whether Class Members are entitled to relief as requested in this Complaint.

56. Defendants have acted and/or refused to act on grounds generally applicable to all Class Members and relief concerning the class as a whole is therefore appropriate.

57. Because Plaintiffs and Class Members suffered the same harms and challenge the same practices described in this Complaint, a class action is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort and expense and the risk of inconsistent or varying adjudications presented by numerous individual lawsuits.

58. No difficulties are likely to be encountered in the management of this class action, and the identity of the Class Members should be readily available from Defendant Coakley's and Colmex's records.

59. Additionally, Class Members may be informed of the pendency of this class action by mailing, the internet, or other means.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA)
### (Against Coakley)

60. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

61. The FLSA requires employers to pay non-exempt employees the minimum wage for all hours worked. In each instance in which Plaintiffs and others similarly situated were paid nothing for time worked or were paid late for such work a minimum wage violation occurred.

62. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

63. Defendants violated the FLSA by failing to pay Plaintiffs and other similarly situated individuals anything when their wages were due including, in some instances, entirely failing to compensate them for certain hours worked.

64. Defendants violated the FLSA by failing to pay Plaintiffs and others similarly situated one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

65. Plaintiffs were "employees" and Coakley was their "employer" under 29 U.S.C. § 203.

66. The requirement to pay overtime, to pay the minimum wage, and to timely pay all wages, including overtime wages, is well known in the business community.

67. The repeated failure to properly pay Plaintiffs was knowing and willful.

68. WHEREFORE, Defendant Coakley is liable to Plaintiffs, and all other similarly situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

### COUNT II
### VIOLATION OF THE VIRGINIA MINIMUM WAGE ACT
### (Against Coakley)

69. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

70. The Virginia Minimum Wage Act requires that all non-exempt employees be paid not less than a specified minimum wage. Virginia Code § 40.1-28.10(2)(C).

71. Coakley violated the Virginia Minimum Wage Act by failing to pay Plaintiffs and others similarly situated the statutorily required minimum wage for all hours worked, including

by failing to timely make wage payments and, in some instances, failing to pay anything for hours worked.

72. Plaintiffs were "employees" and Defendant was their "employer" under the Virginia Code § 40.1-28.9(A).

73. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

74. Coakley's repeated failure to properly pay Plaintiffs was knowing and willful.

75. WHEREFORE, Defendant Coakley is liable to Plaintiffs, and all other similar situated individuals, under the Virginia Minimum Wage Act, for all unpaid wages, plus interest at eight percent per annum upon such unpaid wages awarded from the dates said wages were due, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### VIOLATION OF THE VIRGINIA OVERTIME WAGE ACT
(Against Coakley)

76. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

77. The Virginia Overtime Wage Act requires employers to pay employees overtime pursuant to the provisions of the FLSA.

78. Defendant Coakley and Colmex violated the Virginia Overtime Act by failing to pay Plaintiffs and others similarly situated one and one-half their regular hourly rate for hours worked in excess of forty in any one workweek.

79. Plaintiffs were "employees" of Coakley and Colmex and Coakley and Colmex were their "employer" under the Virginia Code § 40.1-29.2.

80. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

81. Coakley and Colmex's repeated failure to properly pay Plaintiffs and others similarly situated was knowing and willful.

82. WHEREFORE, Defendant Coakley is liable to Plaintiffs, and all other similarly situated individuals, under the Virginia Overtime Wage Act, for all unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF THE VIRGINIA WAGE PAYMENT ACT
### (Against Coakley and Balfour Beatty)

83. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

84. The Virginia Wage Payment Act requires employees such as Plaintiffs and others similarly situated to be paid at least every two weeks or twice per month or, if more frequent, on dates consistent with the pay practices set by the employer. Virginia Code § 40.1-29(A).

85. Upon termination of employment, the Virginia Wage Payment Act requires all employees to be paid all wages owed on or before their regular payday. Virginia Code § 40.1-29(A).

86. On each regular payday, an employer is required to provide an employee a written paystub. Virginia Code § 40.1-29(C).

87. Defendant Coakley and Colmex violated the Virginia Wage Payment Act by failing to pay Plaintiffs and others similarly situated (1) all of their earned wages when due, and (2) all of their earned wages upon termination of employment.

88. Defendant Coakley and Colmex violated the Virginia Wage Payment Act by failing to provide Plaintiffs and others similarly situated with paystubs for certain pay periods.

89. Plaintiffs were "employees" of Defendant Coakley and of Colmex.

90. The requirement to pay overtime and to timely pay all wages, including overtime wages, is well known in the business community.

91. The failure to properly pay Plaintiffs was knowing and willful.

92. Defendant Balfour Beatty is, pursuant to Virginia Code § 40.1-29 and Virginia Code Ann. § 11-4.6, strictly liable for violations of the Virginia Wage Payment Act committed by Defendant Coakley and by Colmex.

93. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the Virginia Overtime Wage Act, for all unpaid overtime wages, plus double that amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against, jointly and severally, against all Defendants and grant the following relief:

a. Award Plaintiffs and similarly situated individuals unpaid minimum wages and overtime, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

b. Award Plaintiffs and similarly situated individuals unpaid minimum wages plus interest at eight percent per annum for all wages due under the Virginia Minimum Wage Act;

c. Award Plaintiffs and similarly situated individuals their unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the Virginia Overtime Wage Act;

d. Award the Plaintiffs and all similarly situated individuals their unpaid wages, plus double that amount as liquidated damages, pursuant to the Virginia Wage Payment Act;

e. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in the prosecution of this action;

f. Award any additional relief the Court deems just.

Dated: March 5, 2023                                    Respectfully submitted,

       /s/ Matthew B. Kaplan
Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

Matthew K. Handley (*pro hac vice* motion to be filed)
HANDLEY FARAH & ANDERSON PLLC
1201 Connecticut Avenue NW, Suite 200K
Washington, DC 20036
Telephone:202-559-2411
email: mhandley@hfajustice.com

*Counsel for Plaintiffs*